UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH OBER GALOS, *et al.*, | No. C 12-02902 DMR |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS IN PART** |
| v. | |
| JANET NAPOLITANO, *et al.*, | |
| Defendants. | |

Defendants Janet Napolitano, Secretary of the U.S. Department of Homeland Security, and Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") filed a motion to dismiss Plaintiffs Ruthiel Galos and Elizabeth Ober-Galos's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court conducted a hearing on January 24, 2013. Having considered the relevant legal authority, and the papers and argument of the parties, the court grants Defendants' motion in part, with leave to amend the complaint.

**I. BACKGROUND**

This case follows several attempts by Plaintiffs to secure alien relative status for Plaintiff Ruthiel Galos. Galos is a citizen and national of the Philippines. (Compl. ¶ 6.) He entered the United States on November 14, 2002 on a tourist visa, which expired after six months on May 13,

1  2003. (Defs.' Mot. Ex. A.)[1] Galos married Plaintiff Elizabeth Ober-Galos, a U.S. citizen, on July 7,
2  2003. (Compl. ¶ 14.) On November 4, 2003, Ober-Galos filed an I-130 visa petition on behalf of
3  Galos for immediate relative classification as the spouse of a U.S. citizen. (Defs.' Mot. Ex. A.) At
4  his interview with immigration officials, Galos allegedly admitted that he entered into his prior
5  marriage to Maria Codotco solely for the purpose of gaining immigration benefit, for which Galos
6  paid Codotco $2,000.00.[2] (Defs.' Mot. Ex. A.) As a result of the information obtained during the
7  interview and in light of Galos's sworn affidavit to that effect, immigration officials denied the
8  petition for change of status pursuant to Section 204(c) of the Immigration and Nationality Act
9  (INA), 8 U.S.C. § 1154(c). (Defs.' Mot. Ex. A.) Section 204(c) forecloses any possibility of
10 receiving a change in immigration status if the current or a prior marriage was entered into for the
11 purpose of evading immigration laws. 8 U.S.C. § 1154(c).

Plaintiffs allege that Galos's statements and sworn affidavit were coerced by an unnamed immigration official. (Compl. ¶ 11.) According to Plaintiffs, the immigration official who conducted the interview shouted at Galos, and intimidated and threatened to jail him in order to force him to admit that his first marriage was fraudulent. (Compl. ¶ 11.) Galos maintains that his marriage to Codotco was legitimate and not a sham. (Compl. ¶ 11.) Galos claims that the $2,000.00 he gave to Codotco was for wedding and honeymoon expenses in accordance with Filipino tradition. (Compl. ¶ 12.)

USCIS commenced removal proceedings against Galos upon its denial of his I-130 petition. (Compl. ¶ 25.) The removal proceedings currently are pending. (Compl. ¶ 25.) On November 17,

---

[1] Defendants submitted the USCIS's denial of Plaintiffs' I-130 petition and the Board of Immigration Appeals's ("BIA") affirmance as exhibits to the motion, but without an accompanying request for judicial notice. (*See* Defs.' Mot. Ex. A (USCIS denial), Ex. B (BIA affirmance).) Nevertheless, because Plaintiffs reference the USCIS's denial and the BIA's affirmance in their complaint (*see* Compl. ¶ 15), this court may consider these documents in ruling on the motion as long as their authenticity is not questioned. *See Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Here, Plaintiffs have not questioned their authenticity.

[2] Codotco and Galos were married on June 10, 1993 in the Philippines, after which Codotco returned to the U.S. (Compl. ¶ 13.) Galos annulled his marriage to Codotco in the Philippines on November 29, 2001 after learning that Codotco was already married. (Compl. ¶ 14.) Codotco withdrew an I-130 visa petition on behalf of Galos around that time. (Defs.' Mot. Ex. B.)

2004, Ober-Galos filed a second I-130 visa petition on behalf of Galos, which USCIS denied on October 3, 2005.  (Defs.' Mot. Ex. B.)  Ober-Galos appealed USCIS's decision to deny the second I-130 petition to the Bureau of Immigration Appeals ("BIA"), which affirmed the denial of the petition on September 9, 2011.  (Defs.' Mot. Ex. B.)  Plaintiffs filed this complaint in June 2012.

## II. LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).  When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A factual challenge asserts that subject matter jurisdiction does not exist, independent of what is stated in the complaint.  *White*, 227 F.3d at 1242.

### B.  Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged

must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III. ANALYSIS

Defendants argue that the court lacks subject matter jurisdiction to stay Galos's removal proceedings, or in the alternative, that Plaintiffs fail to state a cognizable claim.

### A. Lack of Subject Matter Jurisdiction

Defendants argue that Section 1252(g) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 8 U.S.C. § 1101 *et seq.*, imposes a jurisdictional bar that prevents the court from hearing this case. (Defs.' Mot. 4.) Defendants construe Plaintiffs' complaint as an attack on the Attorney General's decision to commence removal proceedings (*see* Defs.' Mot. 4), and argue that section 1252(g) explicitly precludes this court from exercising jurisdiction. (Defs.' Mot. 4.) However, Defendants' argument fails because the conduct challenged in the complaint – the actions of the immigration official during Galos's petition interview – does not fall within the ambit of Section 1252(g)'s jurisdictional prohibition.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence proceedings, adjudicate cases, or execute removal orders* against any alien . . . ."[3] (emphasis added). However, this jurisdiction-limiting provision, titled "Judicial Review of Orders of Removal," must be construed narrowly. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. at 482. In *American-Arab Anti-Discrimination Committee*, the Supreme Court held that section 1252(g) does not impose a general jurisdictional limitation on judicial review of all deportation claims. Instead, it applies only to the three "discrete actions" in the context of removal proceedings that are enumerated in the statute; i.e., the Attorney General's decision or action to (1) commence

---

[3] This statute applies not only to the Attorney General, but also to his delegates, including BIA officials and immigration judges within the Immigration and Naturalization Service. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 492 (1999).

proceedings, (2) adjudicate cases, or (3) execute removal orders. *Id.* In so holding, the Court listed examples of collateral actions or decisions that occur during the deportation process to which section 1252(g) does not apply, including "decisions to open an investigation, to surveil the suspected violator, to reschedule the deportation hearing, to include various provisions in the final order that is the product of the adjudication, and to refuse reconsideration of that order." *Id.*; *see also Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (quoting *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)).[4]

Courts in this district have held that issues arising outside of the decision or action by the Attorney General to commence, adjudicate, or execute removal orders are collateral to the removal proceedings, and therefore are not subject to section 1252(g)'s jurisdictional bar. For example, in *Garcia-Guzman v. Reno*, 65 F. Supp. 2d 1077, 1082 (N.D. Cal. 1999), the court held that section 1252(g) did not bar statutory and constitutional challenges to the manner in which a habeas petitioner's removal proceedings were handled. *See also Dhillon v. Mayorkas*, No. C-10-0723 EMC, 2010 WL 1338132, at *5-9 (N.D. Cal. Apr. 5, 2010) (noting that the court had "jurisdiction to the extent the [plaintiffs were] contesting the denial of the I-130 visa petition," and holding that section 1252(g) did not bar plaintiffs' ability to seek relief in the form of stay of removal). Here, Plaintiffs clarified at oral argument that they do not seek to challenge any aspect of the removal proceedings. Rather, they contest the alleged coercion of Galos's admission that occurred as part of his I-130 petition for status adjustment, which ultimately precipitated removal proceedings. Defendants conceded at oral argument that section 1252(g) would not operate to bar this court's jurisdiction over such a challenge.

---

[4] The Ninth Circuit has examined the issue of whether Section 1252(g) precludes the exercise of jurisdiction over matters collateral to the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders and repeatedly concluded that it is proper to exercise jurisdiction in such cases. *See Catholic Social Servs., Inc. v. Reno*, 232 F.3d 1139, 1150 (9th Cir. 2000) (exercising federal jurisdiction to grant injunction to class of aliens challenging the IIRIRA as inconsistent with the equal protection aspect of due process); *see also Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120-21 (9th Cir. 1999) (granting preliminary injunctive relief to class of aliens challenging immigration officials' decision to stop granting suspensions of deportation); *see also Walters*, 145 F.3d at 1052-53 (granting injunctive relief to a class of aliens challenging INS practices and policies as unconstitutional).

//

//

The instant case presents facts similar to those in *Dhillon*. Plaintiffs challenge the handling of their I-130 petition. Their complaint does not attack the removal proceedings; instead, they seek relief from the alleged mishandling of the I-130 petition in the form of a stay of removal. The fact that Plaintiffs ultimately seek a stay of removal does not transform their complaint into one that challenges the Attorney General's decision to commence, adjudicate, or execute removal proceedings. Therefore, the court concludes that the challenged conduct falls outside of the scope of section 1252(g)'s jurisdictional bar.

### B. Failure to State a Claim

Plaintiffs' complaint is not a model of clarity. They allege two claims: one for declaratory relief and the other for injunction.[5] (*See* Compl. ¶¶ 16-26.) This conflates the concepts of causes of action with forms of relief. Plaintiffs thus have failed to state a cognizable claim. Plaintiffs appear to assert that the USCIS decisions should be invalidated because they allegedly were based on statements that were coerced by a USCIS representative. (*See* Compl. ¶ 25.) In their complaint, Plaintiffs make brief references to the Administrative Procedure Act ("APA"), and it may be that they seek to bring a cause of action under the APA. (*See* Compl. ¶¶ 1, 25-26 (referencing 5 U.S.C. §§ 702, 704).) The APA creates a right of judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. However, at this point, Plaintiffs have failed to adequately plead an APA claim or any other claim. Therefore, Plaintiffs' complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs are granted leave to amend the complaint to state a cognizable cause of action. *See Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (holding that "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citation omitted)).

---

[5] In their motion, Defendants argue that Plaintiffs seek a preliminary injunction and that they have failed to establish their entitlement to such relief. (Defs.' Mot. 5-6.) No fair reading of the complaint would support this view, and at oral argument Plaintiffs stated that they are not seeking a preliminary injunction. Therefore, Defendants' motion to dismiss Plaintiffs' complaint on this ground is denied.

**IV. CONCLUSION**

For the foregoing reasons, Defendants motion to dismiss the complaint is GRANTED and Plaintiffs' complaint is DISMISSED with leave to amend. Any amended complaint shall be filed by February 14, 2013.

IT IS SO ORDERED.

Dated: February 5, 2013

_____
DONNA M. RYU
United States Magistrate Judge

7