United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH OBER GALOS, *et al.*, | No. C 12-02902 DMR |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT** |
| v. | |
| JANET NAPOLITANO, *et al.*, | |
| Defendants. | |

Defendants Janet Napolitano, Secretary of the U.S. Department of Homeland Security, and Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") move the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Rutheil Galos and Elizabeth Ober-Galos' amended complaint for failure to state a claim, or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). [Docket No. 32.] The court held a hearing on May 2, 2013. Having considered the relevant legal authority, and the papers and argument of the parties, the court GRANTS Defendants' motion to dismiss Plaintiffs' amended complaint with leave to amend.

## I. BACKGROUND

This case follows several attempts by Plaintiffs to secure alien relative status for Plaintiff Ruthiel Galos. Galos is a citizen and national of the Philippines. (Am. Compl. ¶ 7.) He entered the United States in November 2002 as a tourist. (Am. Compl. ¶ 12.) Galos married Plaintiff Elizabeth

Ober-Galos, a U.S. citizen, on July 7, 2003. (Am. Compl. ¶ 12.) Ober-Galos subsequently filed an I-130 petition on behalf of Galos for immediate relative classification as the spouse of a U.S. citizen. (Am. Compl. ¶ 12.) At his interview with immigration officials, Galos allegedly admitted that his prior marriage to a U.S. citizen, Maria Codotco, was fraudulent and entered into solely for the purpose of gaining immigration benefit, for which Galos paid Codotco $2,000.[1] (Am. Compl. ¶ 12.) After the interview, the USCIS denied Ober-Galos's petition pursuant to Section 204(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1154(c), (*see* Am. Compl. ¶¶ 12, 24, 26), which forecloses any possibility of receiving a change in immigration status if the current or a prior marriage was entered into for the purpose of evading immigration laws. 8 U.S.C. § 1154(c).

Plaintiffs allege that Galos's admission regarding his prior marriage was coerced by an unnamed immigration official. (Am. Compl. ¶ 12.) According to Plaintiffs, the immigration official who conducted the interview shouted at Galos, and intimidated and threatened to jail him in order to force him to admit that his first marriage was fraudulent. (Am. Compl. ¶ 12.) Galos maintains that his marriage to Codotco was legitimate and not a sham, and claims that the $2,000 he gave to Codotco was for wedding and honeymoon expenses in accordance with Filipino tradition. (Am. Compl. ¶¶ 12, 13, 26.)

Upon its denial of Ober-Galos's I-130 petition, USCIS commenced removal proceedings against Galos, which currently are pending. (Am. Compl. ¶¶ 16, 30.) The Bureau of Immigration Appeals upheld USCIS's decision to deny Ober-Galos's petition on appeal. (Am. Compl. ¶ 20.) Plaintiffs filed a complaint in June 2012, alleging causes of action for declaratory relief and for an injunction. Defendants moved to dismiss the complaint. On February 5, 2013, the court granted Defendants' motion in part and dismissed the complaint with leave to amend for failure to state a claim. [Docket No. 29 (Order Dismissing Compl.).] On February 14, 2013, Plaintiffs filed their amended complaint. [Docket No. 30.] Defendants now move to dismiss the amended complaint,

---

[1] Codotco and Galos were married on June 10, 1993 in the Philippines, after which Codotco returned to the U.S. (Am. Compl. ¶¶ 13, 14.) Galos's marriage to Codotco was annulled in the Philippines on November 29, 2001 after Galos learned that Codotco was already married. (Am. Compl. ¶¶ 14, 15.)

2

asserting that the amended pleading still fails to state a claim for relief. Alternatively, Defendants seek an order requiring Plaintiffs to provide a more definite statement.

## II. LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." These motions are "disfavored and rarely granted" unless "the complaint is so indefinite that the Defendant cannot ascertain the nature of the claim being asserted." *U.S. v. Ragan*, No. CV 10-7654 RSWL (MANx), 2011 WL 2940354, at *2 (C.D. Cal. July 21, 2011). In other words, Rule 12(e) may apply where the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotation marks and citation omitted).

## III. ANALYSIS

As with Plaintiffs' original complaint, their amended complaint is not clear and straightforward. Plaintiffs again allege two causes of action. Plaintiffs' first cause of action appears to seek judicial review of an agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Plaintiffs allege that the "USCIS officers [sic] actions and decisions in forcing plaintiffs to sign the admission [are] 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" (Am. Compl. ¶ 22 (citing 5 U.S.C. § 706(2)(A)).) As currently pleaded, this cause of action seems to challenge the actions of the USCIS officer(s) at the interview for Galos's I-130 petition.[2]

Under the APA, a court may set aside an agency action or decision if the court finds it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, the APA governs judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "Final agency actions are defined as actions which mark the consummation of the agency's decision making process, i.e., are not merely tentative or interlocutory in nature, and which determine rights or obligations or from which legal consequences will flow." *Ahmed v. Mayorkas*, 719 F. Supp. 2d 1080, 1083 (N.D. Cal. 2009) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). Here, Plaintiffs do not allege that the actions of the USCIS officers are "made reviewable by statute" or are a "final agency action." Accordingly, Plaintiffs have once again failed to state an APA claim and this cause of action must be dismissed. Plaintiffs clarified at oral argument that they seek to bring an APA claim to challenge the denial of Ober-Galos's I-130 petition, which was based upon the alleged coerced admission of marriage fraud. The court grants Plaintiffs one final opportunity to amend their complaint to properly allege a cause of action under the APA.

---

[2] In their opposition, Plaintiffs argue that the Bureau of Immigration Appeals's decision affirming the USCIS's denial of the I-130 petition is "arbitrary, capricious and abuse of discretion." (Pls.' Opp'n 7-8.) However, this is not clearly pled in the amended complaint.

4

Plaintiffs' second cause of action must also be dismissed. Plaintiffs again conflate the concept of a cause of action with a form of relief, apparently bringing a cause of action for injunctive relief rather than stating an independent cause of action. (*See* Am. Compl. ¶ 30 ("Defendants should be enjoined from proceedings [sic] with the removal of plaintiff Rutheil Galos . . .").) As noted, Plaintiffs have not adequately stated a cause of action that would entitle them to any relief. Further, Plaintiffs may not allege a separate cause of action for a remedy they seek. Instead, if they adequately plead a cause of action that would entitle them to injunctive relief, they may include such relief in their prayer. At oral argument, Plaintiffs clarified that their second cause of action is not a separate cause of action, but is part of their APA claim. Accordingly, the second cause of action for injunctive relief is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the amended complaint is GRANTED and Plaintiffs' amended complaint is DISMISSED with leave to amend. Any amended complaint shall be filed by May 30, 2013.

IT IS SO ORDERED.

Dated: May 10, 2013



DONNA M. RYU
United States Magistrate Judge