UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH OBER GALOS, *et al.* | No. C-12-02902 DMR |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 73] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 77]** |
| v. | |
| JANET NAPOLITANO, *et al.* | |
| Defendants. | |

### I. Introduction

Plaintiffs Ruthiel Monteclaro Galos and Elizabeth Ober-Galos move pursuant to Federal Rule of Civil Procedure 56 for summary judgment to reverse the Board of Immigration Appeals' denial of an immediate relative I-130 petition under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). [Docket No. 73.] Defendants Secretary Jeh Johnson and the Department of Homeland Security cross-move for summary judgment to affirm the Board's decision. [Docket No. 77.] Having carefully considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the court hereby grants Defendants' motion and denies Plaintiffs' motion.

### II. Background

This case follows several attempts by Plaintiffs to secure alien relative status for Plaintiff Ruthiel Galos, a citizen and national of the Philippines. (A.R. 3-4.) On June 10, 1993, Galos

1 married a U.S. citizen, Maria Codotco aka Mary Quarterman in the Philippines. (A.R. 427, 441.)
2 On July 6, 1993, Codotco submitted an I-130 petition on behalf of Galos for immediate relative
3 classification as the spouse of a U.S. citizen, but then withdrew the petition almost a year later.
4 (A.R. 337, 427-28.) Galos's marriage to Codotco was annulled in the Philippines on November 29,
5 2001, after Galos learned that Codotco was already married. (A.R. 150-52.)

6 On November 14, 2002, Galos entered the United States as a visitor. (A.R. 418-19.) After
7 living in the United States for a year, Galos married Plaintiff Elizabeth Ober-Galos, a U.S. citizen,
8 on July 7, 2003. (A.R. 244.) Ober-Galos subsequently filed an I-130 petition on behalf of Galos.
9 (A.R. 418-19.) At his April 22, 2004 interview with immigration officials, Galos admitted that his
10 prior marriage to Codotco was fraudulent and entered into solely for the purpose of gaining
11 immigration benefit, and signed a sworn statement attesting to those facts. (A.R. 338-39.) In his
12 signed statement, Galos stated that he paid Codotco $2,000 to marry him and submit a visa petition
13 on his behalf. (A.R. 338-39.) On April 23, 2004, the U.S. Citizenship and Immigration Services
14 ("USCIS") denied Ober-Galos's petition pursuant to Section 204(c) of the Immigration and
15 Nationality Act (INA), 8 U.S.C. § 1154(c), (A.R. 336-37), which prohibits a change in immigration
16 status if the current or a prior marriage was entered into for the purpose of evading immigration
17 laws. *See* 8 U.S.C. § 1154(c).

18 On July 6, 2004 and October 11, 2005, Plaintiffs submitted affidavits retracting the written
19 confession that Galos had given to USCIS. (A.R. 162-65.) Plaintiffs asserted that Galos's
20 admission regarding his prior marriage was coerced by an unnamed immigration official. (A.R.
21 162-65.) According to Plaintiffs, the immigration official who had conducted the interview
22 interrogated him and intimidated him into admitting that his first marriage was fraudulent. (A.R.
23 100-04.) Galos maintains that his marriage to Codotco was legitimate and not a sham. (See A.R.
24 162-63.)

25 Upon its denial of Ober-Galos's I-130 petition, USCIS commenced removal proceedings
26 against Galos, which currently are pending. (A.R. 129-30.) On September 9, 2011, the Board of
27 Immigration Appeals ("BIA") affirmed USCIS's decision to deny Ober-Galos's petition. (A.R. 3.)
28 The BIA found that Galos's retraction did not "overcome the contemporaneous and detailed

statement [that the marriage to Codotco was for "solely for immigration purposes"] [that] he gave to the immigration officers in 2004" and was "not supported by the record." (A.R. 3.) Specifically, the BIA found that Galos failed to submit evidence that the $2,000 he had given Codotco was for a large wedding in the Philippines and a honeymoon. (A.R. 3.) He had also failed to present evidence of the time he spent with Codotco in the Philippines. (A.R. 3.) The BIA also noted the contradiction between Codotco's letters detailing plans to file Galos's visa papers and Galos's claims that he was unaware that Codotco filed a petition on his behalf, given that the petition papers Codotco filed bore Galos's signature. (A.R. 3.) The BIA found that all of this evidence supported the finding of marriage fraud by Galos. (A.R. 3.)

Plaintiffs filed this lawsuit in June 2012 seeking review of the BIA's denial of Ober-Galos's I-130 petition under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. The parties have filed cross motions for summary judgment.

### III. Standard for Review of Agency Decisions under APA

Under section 706 of the APA, which governs judicial review of administrative decisions, a court may review and set aside an agency's final action if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under an abuse of discretion standard, a court can find an abuse of discretion by the agency "if there is no evidence to support the decision or if the decision is based on an improper understanding of the law." *Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir. 1971). Under the arbitrary and capricious standard, which is "highly deferential," there is a presumption that the agency's action is valid "if a reasonable basis exists for its decision." *Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006). Due to this deferential standard, a reviewing court cannot substitute its judgment for that of the agency. *Id*. Moreover, in the context of immigration policy, the reviewing court should be "especially deferential." *Jang v. Reno*, 113 F.3d 1074, 1077 (9th Cir. 1997).

"To determine whether an agency violated the arbitrary and capricious standard, [the] court must determine whether the agency articulated a rational connection between the facts found and the choice made." *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1236 (9th Cir. 2001). In order for the court to confirm the agency's decision as rationally connected to the facts,

the agency must have considered "substantial evidence" that supported its decision. *See Nakamoto v. Ashcroft*, 363 F.3d 874, 881-82 (9th Cir. 2004) (applying substantial evidence standard in evaluating marriage fraud in immigration case). Substantial evidence must include evidence that a reasonable person would find supports a certain conclusion. *Yu An v. Napolitano*, 15 F. Supp. 3d 976, 982 (N.D. Cal. 2014). "Under this deferential standard, [the court] must affirm the . . . ruling unless the evidence is so compelling that no reasonable fact finder could fail to find the facts were as [the plaintiff] alleged." *Nakamoto*, 363 F.3d at 881-82 (citing *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997)).

Under the APA, a court can review agency decisions on a motion for summary judgment. *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 770 (9th Cir. 1985). However, the reviewing court "is not required to resolve any facts in a review of an administrative proceeding." *Id*. at 769. Instead, the court is limited to the evidence in the administrative record, with few exceptions for discovery. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. July 13, 2007). Reviewing only the administrative record, the district court "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co.*, 753 F.2d at 769.

## IV. Discussion

**A.    APA**

Plaintiffs challenge the BIA's decision to affirm the denial of his I-130 petition on the grounds that it was arbitrary, capricious, an abuse of discretion, and contrary to law. Focusing solely on Galos's written confession, Plaintiffs argue that the finding of marriage fraud should be set aside because the immigration officers forced and intimidated Galos into making the confession. They also argue that the immigration officers' intimidating and coercive conduct was itself arbitrary, capricious, an abuse of discretion, and contrary to law. In response, Defendants refer to the BIA's reasoning in its decision and to specific portions of the record to support their argument that the BIA's decision was supported by substantial evidence. Specifically, Defendants argue that claims of a forced confession are unsubstantiated. They also note that Plaintiffs failed to provide evidence of the large wedding in the Philippines. Moreover, the record contained conflicting evidence, such as

Codotco's letters and statements. For these reasons, Defendants argue that the BIA reasonably found the record supported a finding that Galos entered into a "sham" marriage, barring him from receiving a change in status.

Under 8 C.F.R. § 204.2(a)(1)(ii), a petition for immigrant visa classification must be denied if there is "substantial and probative evidence of an attempt or conspiracy to commit marriage fraud." *Yu An*, 15 F. Supp. 3d at 982. In examining whether the BIA appropriately affirmed the denial of Plaintiffs' petition on the basis of marriage fraud, the court must determine whether there is substantial evidence in the record to support the decision. *Id*.

Plaintiffs challenge the validity of Galos's written confession. However, Galos testified that the interview lasted only thirty minutes, and he was able to leave the interview without any resistance from an immigration officer. (A.R. 92.) Other than Galos's retraction of his statement, Plaintiffs did not provide any evidence that coercion took place. The combination of Galos's original sworn statement and the lack of affirmative evidence of coercion by Galos could lead the BIA to reasonably find that Plaintiffs' allegation of a tainted confession was unsubstantiated.

Furthermore, the court finds that even without considering the disputed written confession, the record contains substantial evidence supporting the finding of marriage fraud by Galos. As the BIA noted, Plaintiffs failed to provide evidence, such as a witness affidavit or photographs, proving that the $2,000 Galos paid Codotco was for a wedding in the Philippines or even that the couple spent time in the Philippines together. (A.R. 3, 186.) The record also contained conflicting evidence which pointed to marriage fraud. In a 1993 letter to Galos, Codotco detailed the couples' plan to file a visa petition on Galos's behalf. (A.R. 195.) However, Galos contradicted her statements in saying that he was unaware that Codotco was going to file a petition on his behalf, even though the papers filed bore his signature. (A.R. 186, 433.) Transcripts of Codotco's interviews, in which she stated that her wedding consisted of only two people, directly contradicted Galos's description of the marriage. (A.R. 412.) Documents in the record also noted the wide age gap between Galos and Codotco, with Codotco almost 25 years Galos's senior. (A.R. 427.) Taken as a whole, a reasonable person could conclude that the marriage between Galos and Codotco was fraudulent.

Courts have affirmed agency decisions in cases with similar facts.  For example, in *Yu An*, the petitioner alleged that he was "induced" to give a written confession of marriage fraud.  15 F. Supp. 3d at 982.  The court affirmed the agency's decision to deny the I-130 petition, finding that even without considering the written confession of marriage fraud, USCIS's decision was supported by substantial evidence in the record, including the parties' inconsistent testimony, lack of evidence of "intent to establish a life together," forty-year age difference between spouses, and factual inconsistencies in the support submitted by the parties.  *Id.* at 983; *see also Avitan v. Holder*, No. C-10-03288 JCS, 2011 WL 499956, at *11 (N.D. Cal. Feb. 8, 2011) (holding that there was sufficient evidence in record to support agency decision, such as failure to provide bona fides of marriage, despite petitioner's challenge to former spouse's written confession).  As in *Yu An*, the court applies an especially deferential standard to find that the BIA considered substantial evidence of marriage fraud in coming to its decision.  *See Yu An*, 15 F. Supp. 3d at 983; *see also Tandel v. Holder*, No. C-09-01319 EDL, 2009 WL 2871126, at *1 (N.D. Cal. Sept. 1, 2009) (finding, under high deference standard, record with contradictory evidence and written confession by former spouse contained substantial evidence of marriage fraud, thus supporting USCIS's revocation decision).

The court finds that because there was a rational connection between the facts and the agency's judgment, the BIA's decision was neither arbitrary nor capricious.  Plaintiffs fail to meet the high burden of showing evidence within the administrative record that is "so compelling" that the court could only find arbitrary or capricious action by USCIS.  Moreover, because there is evidence to support the BIA's decision and Plaintiffs did not present evidence that the agency improperly understood the law, there is no evidence of an abuse of discretion.

**B.   Mandamus & Venue Act of 1962**

In addition to seeking judicial review of the BIA's decision under the APA, Plaintiffs appear to seek relief under the Mandamus & Venue Act of 1962 ("MVA"), 28 U.S.C. § 1361.

Under the MVA, a district court has the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  In order to grant mandamus relief, the court must find that the three elements of the mandamus test are

satisfied. *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Specifically, the court must find that "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

Plaintiffs appear to ask the court to compel USCIS to process the I-130 petition and to allow an adjustment of Galos's status to permanent resident. However, Plaintiffs fail to show that Defendants failed to perform a nondiscretionary duty. Plaintiffs seek processing of their petition and adjustment in Galos's status based on their disagreement with the outcome, rather than on Defendants' failure to execute a nondiscretionary duty owed to Plaintiffs. In other words, Defendants have processed the I-130 petition. Therefore, as Plaintiffs have not specified a nondiscretionary duty that Defendants failed to perform, the court lacks jurisdiction under the MVA. *See, e.g., Kassem v. Chertoff*, No. 08-CV-00010 AWI-SMS, 2009 WL 817642, at *6 (E.D. Cal. Mar. 27, 2009) (finding court lacked jurisdiction pursuant to MVA because, even though plaintiff disagreed with outcome of petition, defendant had processed application and thus plaintiffs failed to specify violation of nondiscretionary duty).

### V. Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

Dated: January 29, 2015



DONNA M. RYU
United States Magistrate Judge